IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SANDY GHANEM, ET AL., ) | |
| Plaintiffs, ) | |
| v. ) | NO. 4 : 06-CV-087-A |
| Evelyn M. Upchurch, ET AL., ) | |
| Defendants. ) | |

## MEMORANDUM OF LEGAL AUTHORITY

### INTRODUCTION

This memorandum is filed pursuant to the attached court order requesting clarification upon which the court may exercise authority/jurisdiction over this legal matter.

### JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331 wherein if there is a Federal question and the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Specifically, this court has jurisdiction to review Plaintiffs' claim under 28 U.S.C. § 1331, because it grants courts general federal question jurisdiction, *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 56, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993), and the Administrative Procedure Act (APA), which gives a court power to " 'hold unlawful and set aside' not only agency action that is 'arbitrary' or 'capricious,' but also agency action that is 'otherwise not in accordance with law' or is 'in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.' " *Cousins v. Sec'y of the United States Dep't of Transp.*, 880 F.2d 603, 608 (1st Cir.1989) (quoting 5 U.S.C. § 706(2)(A, C)). "It is 'central to the real meaning of "the rule of law," [and] not particularly controversial' that a federal agency does not have the power to act unless Congress, by statute, has empowered it to do so." *Transohio Sav. Bank v. Dir., Office of Thrift Supervision*, 967 F.2d 598, 621 (D.C.Cir.1992) (quoting Edward L. Rubin, *Law and Legislation in the Administrative State*, 89 Colum. L.Rev. 369, 402 (1989)) (alteration in *Transohio* ). When an agency action is contrary to the scope of a statutory delegation of authority or is an arbitrary and capricious exercise of that authority, that action must be invalidated by reviewing courts.

Further, in *Shaughnessy v. Pedreiro*, 349 U.S. 48, 51-52, 75 S.Ct. 591, 99 L.Ed. 868

(1955), the Court found that the purpose of those sections of Administrative Procedure Act respectively provide for judicial review of agency action. The Court further found that no subsequent legislation should be held to supersede or modify the Act except to the extent that such legislation should do so expressly, and that the purpose was to remove obstacles to judicial review of agency action under subsequently enacted statutes such as 1952 Immigration Act. Administrative Procedure Act, §§ 10, 12, 5 U.S.C.A. §§ 1009, 1011; Immigration and Nationality Act, § 101 et seq., 8 U.S.C.A. § 1101 et seq. Furthermore, the Administrative Procedure Act is to be given "hospitable" interpretation. Administrative Procedure Act, §§ 10, 12, 5 U.S.C.A. §§ 1009, 1011. The basic policy of Administrative Procedure Act is to facilitate court review of administrative action. Administrative Procedure Act, §§ 10, 12, 5 U.S.C.A. §§ 1009, 1011.

Further detailing the rule under the APA, this court has jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. §706, wherein, the scope of review is to the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law to interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall - (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be - (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court. In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

In Plaintiffs' matter, the interests are to preserve their family unit and this interest falls within the "zone of interests" that the immediate relative visa provisions of the INA were intended to protect. Thus, the Plaintiffs' are "adversely affected" by the government's denial of their I-130 petition and thus have prudential standing to sue under the APA.

The Director's decision is in violation of 8 C.F.R. §204.2(a)(1)(ii) (2003) and §201(b) of the Immigration and Nationality Act ("INA"). In addition, the Director's actions are a violation of Plaintiffs' equal protection guarantees under the due process clause of the Fifth Amendment. The Director in this instance has failed to follow his own regulations, and in doing so violated the due process rights of Plaintiffs. Plaintiffs therefore seek a declaratory judgment that the decision by the Service Director, affirmed by the Board of Immigration Appeals, is violative of the standards prescribed under the proper standard of review for matters involving revocation proceedings. In addition, this request is accompanied by a request for mandamus relief wherefore the Plaintiffs in this instance have a clear right to relief where the defendant has a clear duty to act favorably in this matter, and no other adequate remedy is available.

**PRAYER**

WHEREFORE, the Plaintiffs respectfully request that the Court issue an order directing the Board of Immigration Appeals and the Nebraska Service Center's Acting Director to reverse their decision revoking Plaintiffs Alien Relative Petition and approve the Petition for Alien Relative, Form I-130 filed by Plaintiffs, grant such other relief that may be proper under the circumstances and grant attorneys fees and court costs for Plaintiffs.

RESPECTFULLY SUBMITTED this 24th day of February, 2006.

ABDELHADI & ASSOCIATES, P.C.

By: _____
Husein A. Abdelhadi
SBN: 24004520 / TX
3626 N. Hall St., Suite 816
Dallas, Texas 75219
(214) 219-8803
(214) 219-8804 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 17 2006
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| SANDY GHANEM, ET AL., | § |
| Plaintiffs, | § |
| VS. | § NO. 4:06-CV-087-A |
| EVELYN M. UPCHURCH, ET AL., | § |
| Defendants. | § |

## O R D E R

Consistent with the telephone conference/hearing the court conducted between itself and counsel for plaintiffs, Sandy Ghanem and Ayed Ghanem, in the above-captioned case on the date of the signing of this order,

The court ORDERS that by 2:00 p.m. on February 24, 2006, plaintiffs shall file a memorandum detailing the legal authority upon which they contend the court's authority/jurisdiction over this action is based.

SIGNED February 17, 2006.

JOHN McBRYDE
United States District Judge

```
MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:ecf_txnd@txnd.uscourts.gov
Message-Id:<2367039@txnd.uscourts.gov>

Subject:Activity in Case 4:06-cv-00087 Ghanem et al v. Upchurch et al "Order to
Show Cause"
Content-Type: text/plain***NOTE TO PUBLIC ACCESS USERS*** You may view the filed
documents once without charge. To avoid later charges, download a copy of each
document during this first viewing.U.S. District Court
Northern District of Texas

Notice of Electronic Filing
The following transaction was entered on 2/17/2006 at 4:48 PM CST and filed on
2/17/2006

Case Name: Ghanem et al v. Upchurch et al
Case Number: 4:06-cv-87 https://ecf.txnd.uscourts.gov/cgi-bin/DktRpt.pl?154173

Document Number: 4
Copy the URL address from the line below into the location bar of your Web
browser to view the document:
https://ecf.txnd.uscourts.gov/cgi-bin/show_case_doc?4,154173,,MAGIC,,,19

Docket Text:
ORDER that by 2:00 p.m. on 2/24/2006, plaintiffs shall file a memorandum
detailing the legal authority upon which they contend the court's
authority/jurisdiction over this action is based. (Signed by Judge John McBryde on 2/17/06
) (dld, )


The following document(s) are associated with this transaction:
Document description: Main Document
Original filename: n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1004035775 [Date=2/17/2006] [FileNumber=2367038-0]
[de530f104aa719d028fb0f5de8a2903a26a10b63b88438cdff2470c6dfbfee5d9620a8a2436fee4
c7135bbb7ad164c76dfae1159e4a27edba52d2fb10aef6a30]]



4:06-cv-87 Notice will be electronically mailed to:


4:06-cv-87 Notice will be delivered by other means to:
Husein A Abdelhadi
Abdelhadi & Associates
PO Box 192268
3626 N Hall St Suite 816
Dallas, TX 75219
```